IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **AMANDA MARTIN,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**RIVERSIDE PIZZA COMPANY** and **LEONARD J. NAUGLE,**<br><br>Defendants. | Case No. 4:21-cv-00670-HEA |

### JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

The above-named Parties, by and through their undersigned counsel of record, hereby request preliminary approval of the Parties' Settlement and Release Agreement ("Settlement Agreement"). Specifically, the Parties move the Court for an Order:

(1) certifying a Fair Labor Standards Act ("FLSA") collective action and a Missouri class action for settlement purposes,

(2) preliminarily approving the Parties' class action settlement,

(3) approving the proposed Class Notice and Claim Form to be sent to putative class members, and

(4) scheduling a hearing for final approval of the Parties' class action settlement agreement to occur at least 100 days following the Court's order granting preliminary approval of the class settlement.

Pursuant to the terms of the Settlement Agreement, the Parties' agreed-upon Settlement Agreement and the Class Notice and Claim Form are being contemporaneously filed with Defendants' Unopposed Motion to Seal. The declaration of Plaintiff's counsel, J. Forester, in

support of this motion is attached hereto as an Exhibit. The Parties incorporate the following Memorandum in Support. The Parties have reached a settlement on behalf of all class members. The settlement meets the standards for granting preliminary approval of a class action settlement.

## MEMORANDUM IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

### I. INTRODUCTION

This class and collective action was filed against Defendants on June 10, 2021 in this Court. Plaintiff has alleged that Defendants failed to properly reimburse their delivery drivers and comply with applicable minimum wage laws. Defendants deny all allegations of wrongdoing. Subject to Court approval, the Parties have agreed to settle these claims on a collective basis pursuant to §216 of the FLSA, and on a class basis under Missouri state wage and hour law pursuant to Federal Rule of Civil Procedure 23. Courts in this Circuit and others have granted approval of such hybrid FLSA and Rule 23 settlements in similarly structured pizza cases involving Counsel for both Parties.[1] As discussed more fully below, the settlement is the result of extensive negotiations between the Parties, including a full-day and structed mediation before Allen Blair, Esq., a mediator experienced in both wage and hour and class action litigation.

### II. STATEMENT OF FACTS

#### A. Procedural and Litigation History

Plaintiff Amanda Martin filed this class and collective action against Defendants on June 10, 2021 in this Court. Martin worked as a pizza delivery driver and alleged that Defendants failed

---

[1] *Rechtoris v. Dough Management, Inc. et al.*, Case 3:18-cv-708 (N.D. IN.) (Hybrid FLSA and Rule 23 settlement approved); *Cheeney v. Five Star Pizza Co., Inc. et al*, Case 1:18-cv-606 (W.D. MI.) (Hybrid FLSA and Rule 23 settlement approved); *Fletcher & Murray v. Tips, Inc.*, Case 18-cv-937 (D. CO.) (Hybrid FLSA and Rule 23 settlement approved); *Marnoch and Breit v. GBR Pizza, Inc. et al*, Case 5:19-cv-257 (E.D. N.C.) (Hybrid FLSA and Rule 23 settlement approved); *Fisher v. Wilson Pizza CK Inc. et al.,* Case 3:18-cv-479-CRS (W.D. KY) (Hybrid FLSA and Rule 23 settlement approved); *Goich v. NFSM Pizza Inc. et al.,* Case 18-cv-204 (D. WY.) (Hybrid FLSA and Rule 23 settlement approved); *Ball v. New River Valley Pizza, LLC,* Case 19-cv-362 (W.D. VA.) (Hybrid FLSA and Rule 23 settlement approved); *Doyle v. Be Hurd Inc., et al.,* Case 20-cv-138 (E.D. TN.) (Hybrid FLSA and Rule 23 settlement pending final approval).

to properly reimburse delivery drivers for expenses, violating their minimum wage obligations. In an effort to reach a resolution, the Parties filed a Joint Motion to Stay Pending Mediation for a period of 120 days, which was granted by the Court on September 29, 2021. Based on Counsels' extensive experience in related matters, the Parties mediated and reached an agreement on January 13, 2022 to settle on behalf of all of the delivery drivers employed by Defendants[2], to do so on a class and collective basis, and to help ensure that all of Defendants' drivers would receive notice of their ability to participate in this litigation. As a result of these joint and ongoing efforts, the Parties hereby stipulate to certification of the claims covered by the settlement, for settlement purposes only, [3] under Federal Rule of Civil Procedure 23.

**B. Background of Settlement Negotiations**

The Parties conducted an investigation of facts during the prosecution of the litigation, which included the formal and informal exchange of extensive information. Counsel for the Parties also analyzed the likelihood of successfully trying the case on a class-wide basis. The Parties further reviewed records and interviewed witnesses. Numerous tele-conferences were held and emails were exchanged between representatives of the Parties in order to attempt to resolve the claims. The Parties also conducted a full-day mediation.

Defendants denied and continue to deny any liability or wrongdoing of any kind associated with the claims alleged by Plaintiff, and further deny that, for any purpose other than settling this matter, this action is appropriate for class and collective treatment. Plaintiff, on the other hand, asserts that Defendants failed to comply with federal minimum wage requirements embodied in

---

[2] For purposes of this settlement, the Settlement Class includes all delivery drivers employed by Defendants Riverside Pizza Company or LJN Management Corporation during the applicable period described below.
[3] For purposes of settlement only, Defendants have agreed not to contest the statements made in this motion regarding the criteria for class and collective action certification.  However, Defendants do not waive, and indeed expressly reserve, any defenses or denials that class certification is proper in this case should the Court not approve the settlement or the settlement not be perfected.

the FLSA and equivalent state wage and hour laws. Class Counsel understands Defendants' position and defenses, but believes Plaintiff, individually and on behalf of the proposed settlement class and collective, could ultimately succeed at trial on the basis of common proof. Both sides recognize the uncertainty of the outcome, and appreciate the expense and time associated with further litigation.

Accordingly, in the interest of efficient and early resolution, representatives of the Parties participated in lengthy settlement negotiations and mediation and ultimately reached a Settlement after taking into account the disputed factual and legal issues, the risks attendant to further prosecution, Defendants' defenses, and the benefits to be received by Class Members. Counsel concluded that settlement on the terms set forth herein and in the Settlement Agreement is in the best interest of Plaintiff and the Class and is fair and reasonable.

### III.  THE PARTIES' SETTLEMENT

The Settlement Agreement defines the Settlement Class as:

All delivery drivers employed by Defendants Riverside Pizza Company or LJN Management Corporation during the three-year period prior to [the date the Court grants preliminary approval].

The Parties agreed to settle class members' wage and hour claims by Defendants establishing a settlement fund inclusive of payments to the putative class, attorneys' fees, litigation costs, administration costs and a modest service award. The Net Settlement Amount shall be divided into two funds to pay claims. Authorized Claimants who submit a claim will receive a *pro rata* share of the FLSA Claim Fund based on miles driven, with a minimum payment of $50.  Participating Class Members who do not submit a claim, but do not exclude themselves (opt-out) from the settlement, are to receive a minimum payment of $50, to be paid out of the Rule 23 Fund.

The release binding Class Members who do not opt out is limited to wage and hour claims. Based on service to the class in initiating this case and working with counsel to investigate and prosecute this litigation, Named Plaintiff Martin seeks a modest service award.

Subject to this Court's approval, Plaintiff's Counsel will receive fees and litigation costs equal to one-third (1/3) of the gross settlement amount. Defendants do not oppose or object to this request for attorneys' fees and costs.

The Parties shall jointly select a settlement administrator. A notice of collective action settlement (the "Notice") and claim form ("Claim Form") will be mailed to all putative class members as soon as practicable after the Court's preliminary approval of this settlement, the Notice, and the Claim Form. The Parties' proposed Notice should be approved as it explains in clear terms (1) the nature of the settlement, (2) the factors used to determine the amount each class member has been allocated under the settlement, and (3) each delivery driver's right to submit a claim form, object to the settlement, or exclude themselves from the settlement.

The Settlement Administrator will send a notice of preliminary approval and settlement to each class member and each of them will have 50 days after mailing of the notice to submit a claim form, choose to opt-out, or file objections. Class members will also have the opportunity to appear at the final approval hearing to be set by the Court.

The settlement payments will be allocated as 100% expense reimbursement. Settlement checks that cannot be delivered or are not cashed after 180 days of mailing will be retained by Defendants.

## IV.   ARGUMENT

### A. Approval Is Warranted Under The FLSA.

5

Settlement of an FLSA collective action generally requires court approval because private settlements do not effectuate a valid release. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Williams v. BPV Mkt. Place Investors, L.L.C.*, 2014 WL 5017934, *1 (E.D. Mo. Oct. 7); *Fry v. Accent Mktg. Servs., L.L.C.*, 2014 WL 294421, *1 (E.D. Mo. Jan. 27).

The Court's review is two-pronged. First, the Court must be satisfied that the settlement was the product of "contested litigation." Second, the Court must be satisfied that the settlement involves a fair and reasonable resolution of a bona fide dispute between the parties. *Lynn's Food Stores*, 679 F.2d at 1353; *Williams*, 2014, WL 5017934, at *1; *Fry*, 2014 WL 294421, at *1; *Hill v. World Wide Tech. Holding Co.*, 2012 WL 5285927, *1 (E.D. Mo. Oct. 25).

Courts typically rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness. *Lynn's Food Stores*, 679 F.2d at 1354. If the proposed settlement reflects a reasonable compromise, the Court should approve the settlement to promote the policy of encouraging settlement of litigation. *Id.*

Courts in this Circuit routinely approve similar settlements in FLSA collective actions. *See, e.g.*, *Williams*, 2014, WL 5017934, at *2; *Fry*, 2014 WL 294421, at *2; *Hill*, 2012 WL 5285927, at *2. This Court should readily conclude the parties' settlement here is a reasonable resolution of a bona fide dispute in contested litigation.

**1. The Proposed Settlement Is the Product of Contested Litigation.**

There is no question the proposed settlement is the product of contested litigation. In her Complaint, Plaintiff alleged in detail Defendants' compensation and expense reimbursement practices, and the resulting alleged minimum wage violations. Since the Court stayed the matter, Counsel for the Parties have engaged in numerous discussions where Defendants denied Plaintiff's material factual allegations and asserted numerous defenses that they argued would defeat

6

Plaintiff's claims in whole or in part. Though litigation in this case was relatively brief, Plaintiff's Counsel have litigated similar claims on behalf of pizza delivery drivers of numerous franchise pizza companies across the country and thus many of the key factual and legal issues in the case have been extensively litigated and resolved in the same manner. The Parties were thus able to efficiently narrow the issues in dispute and get right to the heart of the matter to reach a fair and reasonable settlement of the claim asserted. Further, through experience Plaintiff's Counsel knew what data existed and was necessary to analyze and determine a fair and adequate settlement, thus short-circuiting the need for extensive discovery. The settlement of this lawsuit was thus the product of years of litigation in other similar cases.

## 2. The Proposed Settlement Reflects a Fair and Reasonable Resolution of a *Bona Fide* Dispute Between the Parties.

The second prong of the Court's settlement approval inquiry focuses on two issues. The first issue is confirming the existence of a bona fide dispute between the parties under the FLSA. The second issue involves a review of the fairness and reasonableness of the proposed settlement. Both are easily satisfied.

### a. A Bona Fide Dispute Existed Between the Parties.

Plaintiff alleged Defendants violated the FLSA because they failed to pay their drivers minimum wage, after subtracting under reimbursed vehicle expenses. Defendants allege and contend that the reimbursement policy reasonably approximated the delivery drivers' vehicle expenses and that the drivers have always been paid at least minimum wage. Defendants also would argue the case should not proceed as a collective action.

If Plaintiff's allegations ultimately proved correct, Defendants would be faced with the prospect of a substantial monetary verdict, as well as an obligation to pay legal fees and costs incurred by Plaintiff to prosecute the case through trial, and possibly appeals. If Defendants'

7

arguments proved correct, then Plaintiff and the Class would obtain no recovery of any kind. Despite the relatively early settlement in this case, the Court should readily conclude a bona fide dispute between the parties existed given the extensive history of related litigation brought by Plaintiff's Counsel on behalf of delivery drivers.

### b. The Proposed Settlement Is Fair and Reasonable.

This settlement was the product of arm's-length negotiations by experienced counsel and provides meaningful monetary relief to all of the opt-in Plaintiffs, as well as eliminating inherent risks both sides would bear if this complex litigation continued to resolution by a jury. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 (courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness).

Several additional factors confirm the proposed settlement is fair and reasonable.

#### i. Public Policy Favors Settlements.

Public policy favors settlements. This is particularly true in complex cases, such as this, where substantial resources can be conserved by avoiding the time, cost, and rigor of protracted litigation. *See Lynn's Food Stores*, 679 F.2d at 1354.

#### ii. Substantial Obstacles Exist if the Litigation Continues, and the Settlement Offers Substantial, Immediate Relief.

The Parties disagree about the merits of Plaintiff's claims and the viability of Defendants' defenses. If litigation continues, Plaintiff would face many obstacles, including (i) Defendants' anticipated motion to decertify the collective action; (ii) Defendants' anticipated motion for summary judgment and potential other dispositive motions; and (iii) a jury trial. Further, even if Plaintiff prevailed on liability, Plaintiff faces Defendants' arguments against both the nature and extent of damages.

The proposed settlement brings substantial value to each of the FLSA opt-in Plaintiffs. Although the recovery at trial could have been greater than sums received under the Settlement Agreement, it is also possible the recovery would have been less, or nothing at all. For instance, Defendants argued that the reimbursement rate was not an unreasonable estimation of drivers' automotive expenses. If the jury were to agree with Defendants, Plaintiff would likely recover nothing.

In the face of these material disputes, it is significant that this settlement brings class members substantial monetary value now, not years from now, and provides certainty regarding the outcome.

### iii. This Was a Complex and Potentially Lengthy Case.

This case involved complex issues of fact and law. While other courts have resolved certain of the legal issues, none of the similar pizza delivery driver cases have been submitted to a jury, thus leaving the ultimate resolution as a critical unknown. Trial would be expert intensive and thus costly. Plaintiff would need to provide documentary evidence, representative testimony, and expert testimony sufficient to establish liability and damages for the class. Regardless of the outcome at trial, post-judgment appeals would be likely. Accordingly, the complexity and prospective expense and duration of litigation weigh in favor of approving the proposed settlement.

### iv. The Parties and Their Counsel Support the Settlement.

Based on the voluminous payroll, reimbursement and delivery data analyzed, the parties gained an in-depth knowledge of the math underlying the claims and whether delivery drivers were paid minimum wage. Thus, the parties had ample evidence to make an informed assessment of the proposed settlement. In addition, this settlement was comparable to other settlements obtained in similar cases by Plaintiff's Counsel. *See* **Declaration of Jay Forester**.

The Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties. Courts have consistently refused to substitute their business judgment for that of counsel. Based on their knowledge of the case and the applicable law, as well as their experience in similar FLSA actions, the Parties' Counsel believe the settlement is fair, reasonable, and adequate. Accordingly, the Parties respectfully request this Court to conclude that the proposed settlement reflects a fair resolution of a bona fide dispute under the FLSA and approve the settlement.

### 3. The Named Plaintiff Should Receive a Service Award.

The time and dedication that a named plaintiff devotes to a lawsuit that inures to the common benefit of other class members warrants a service award above and beyond what the typical class member is receiving. *See, e.g., Lees v. Anthem Ins. Cos. Inc.*, 2015 WL 3645208, *4 (E.D. Mo. June 10) (approving $10,000 service award); *Simmons v. Enter. Holdings, Inc.*, 2012 WL 2885919, *2 (E.D. Mo. July 13) (approving $6,000 service awards).

Named Plaintiff Martin substantially assisted counsel in achieving this settlement on behalf of the class and should receive a service award. She was responsible for initiating this action and provided guidance and assistance on numerous occasions to Plaintiff's counsel. She sought and retained counsel, filed this case, provided information necessary to prosecute the case, and had numerous phone calls with counsel. There is no question that the other class members have substantially benefited from her actions. Without her efforts, this case would not have been brought and this settlement would not have been achieved. In light of these efforts, the payment of a service award is amply justified. Defendants do not oppose the requested service award.

### 4. Plaintiff's Counsel Should Receive Their Fees and Expenses.

Plaintiff's Counsel also requests preliminary approval of their attorneys' fees and reimbursement of expenses incurred in this case since its inception and for future legal services and expenses incurred in connection with the settlement. Plaintiff's counsel is seeking one-third of the Settlement Fund as a fee plus recovery of their out-of-pocket expenses. Defendants do not oppose or dispute such application.

### B. Preliminary Approval Is Warranted Under Rule 23.

The law favors settlement, particularly in class actions and other complex cases when substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation. *See Little Rock School Dist. v. Pulaski County Special School Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990) ("The law strongly favors settlements. Courts should hospitably receive them . . . As a practical matter, a remedy that everyone agrees to is a lot more likely to succeed than one to which the defendants must be dragged kicking and screaming."); *In re Charter Communications Securities Litigation*, 2005 WL 4045741, *4 (E.D. Mo. 2005) (quoting *Armstrong v. Board of Sch. Directors*, 616 F.2d 305, 313 (7th Cir. 1980) ("In the class action context in particular, there is an overriding public interest in favor of settlement. . . . Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.") (internal quotation marks omitted).

When, as here, parties propose to resolve class-action litigation through a class-wide settlement, they must obtain the court's approval. *See* Fed. R. Civ. P. 23(e). Class-action settlement approval involves a two-step process. First, counsel submits the proposed settlement terms so the court may preliminarily evaluate the fairness of the settlement. *See Manual for Complex Litigation* § 21.632 (4th ed. 2004) (hereafter "Manual"); *see also* 4 Alba Conte & Herbert Newberg, *Newberg*

11

*on Class Actions* § 11:25, at 38-39 (4th ed. 2002) (hereafter, "Newberg on Class Actions") (endorsing two-step process); *accord Simmons v. Enterprise Holdings, Inc.*, No. 4:10CV00625 (AGF), 2012 WL 718640, at *3 (E.D. Mo. Mar. 6, 2012) (granting preliminary approval subject to receipt of objections because "the proposed terms of the Settlement Agreement are within the range of possible approval"). If the preliminary evaluation of the settlement does not disclose grounds to doubt its fairness or other obvious deficiencies and appears to fall within the range of possible approval, the court should direct that notice of a formal fairness hearing under Rule 23(e) be given to class members; at the fairness hearing, the court hears argument and considers evidence in support of, and opposition to, the settlement. *See Manual* § 21.633; *accord Simmons*, 2012 WL 718640, at *3 (granting preliminary approval subject to receipt of objections because "the proposed terms of the Settlement Agreement are within the range of possible approval"). The notice should tell class members how they can express to the court their views about the settlement. *See id*.

### 1. The Settlement Negotiated by the Parties Is Entitled to an Initial Presumption of Fairness.

Courts ordinarily adopt "an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." *Newberg on Class Actions* § 11:41; *see also Little Rock School Dist.*, 921 F.2d at 1391 (stating that class action settlement agreements "are presumptively valid"); *Petrovic v. Amoco Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) (holding that a "strong public policy favors agreements, and courts should approach them with a presumption in their favor"). After the parties' arm's-length negotiations, "judges should not substitute their own judgment as to optimal settlement terms for the judgments of the litigants and their counsel." *Id*. at 1148-49 (internal quotation marks omitted); *see also In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)

("We have recognized that a class action settlement is a private contract negotiated between the parties. . . . Rule 23(e) requires the court to intrude on that private consensual agreement merely to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair adequate, and reasonable to all concerned."); *Schoenbaum v. E.I. Dupont De Nemours & Co.*, 4:05CV01108 ERW, 2009 WL 4782082, *3 (E.D. Mo. Dec. 8, 2009) ("a proposed settlement is presumptively reasonable at the preliminary approval stage, and there is an accordingly heavy burden of demonstrating otherwise").

### 2. A Review of the Applicable Factors Favors Approval of the Settlement.

At the preliminary-approval stage, the court should "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms . . . " *Manual* § 21.632; *accord Simmons*, 2012 WL 718640, at *3. The ultimate question for the Court is "whether the settlement is within the range of possible approval," such that the class should be notified and a formal fairness hearing scheduled. *Schoenbaum*, 2009 WL 4782082 at *3; *see also Gautreaux v. Pierce*, 690 F.2d 616, 621, n. 3 (7th Cir. 1982) (the purpose of preliminary approval "is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing").

Applying the same considerations here shows the settlement exceeds the preliminary threshold for reasonableness and should proceed to a final approval hearing, at which time class members will have an opportunity to make their views known.

#### a. The Settlement Provides Meaningful Monetary Relief and Substantially Fulfills the Purposes and Objectives of the Class Action.

The Settlement provides a reasonable compromise of the Parties' claims and defenses. Plaintiff intended to present alternate damages theories, one based on the IRS business mileage rate and another based on conservative reimbursement rates. Defendants have maintained that

13

Class Members were paid at, or above, minimum wage, and thus suffered no damages. The Parties' respective positions have been vigorously contested. Moreover, there are no known benchmarks for how a jury might weigh the evidence or arguments in this case because the Parties believe no other putative class or collective action involving unreimbursed vehicle expenses has ever proceeded to a court trial. Consequently, it is possible the Class Members would recover less than the damages they allege, or no damages at all.

Class Members and their counsel necessarily, and properly, weighed the risk of proceeding with an assured recovery, that accounts for a fraction of the damages they could have recovered under their projected damage calculations, against potentially receiving a far reduced amount or nothing at all. This is a classic compromise. Likewise, it is a good compromise for Class Members in light of the inherent risks, costs, and delays associated with trial and probable appeal. Accordingly, the Settlement provides meaningful relief to the Class Members.

### b. The Settlement is Not Collusive.

No "obvious deficiencies" preclude preliminary approval of the Settlement, such that notifying the class and proceeding to a formal fairness hearing would be a waste of time. *Newberg on Class Actions*, § 11.25; *see also Schoenbaum*, 2009 WL 4782082 at *3 ("courts should consider issues such as whether the settlement carries the hallmarks of collusive negotiation or uninformed decision-making, is unduly favorable to class representatives or certain class members, or excessively compensates attorneys"). The Settlement does not, nor can it, disproportionately favor certain Class Members. The parties intend to allocate the Net Settlement Fund according to a proportional reduction of their damages based on the Class Members' *pro rata* share. That analysis applied the exact same methodology for every Settlement Class Member. Thus, the allocation will reflect a compromise of the actual damages Class Members would have sought at trial.

14

Although the Named Plaintiff will apply for a service award, that award is well earned. Named Plaintiff Martin has supported this case from its initiation, subjecting herself to the litigation process by providing valuable insight to Counsel and serving as the representative for the Class. An enhanced award is more than fair, given that the vast majority of the Settlement Class Members will receive the benefits without taking any action to support the prosecution of this litigation. Moreover, no promises have been made to the Named Plaintiff, and the amount of the service award will be finally approved of by the Court. Finally, the Settlement is not contingent on any service award.

Likewise, the Settlement is not conditioned on an attorneys' fee award, and any attorneys' fee and cost award is subject to separate Court approval. The amount of fees to be requested by the Class Members' counsel is proportionate to the benefits enjoyed by the Class Members. More specifically, the Class Member's counsel will seek an award based on a percentage of the Total Settlement Fund.

The Settlement was only reached after vigorous litigation and protracted mediation. It is the product of extensive informal discovery and exchange of information, careful vetting of the risks involved, and arm's-length negotiations between experienced attorneys familiar with the complex legal and factual issues involved in the case. Class Members' counsel are among the country's most experienced attorneys prosecuting wage-and-hour claims and they believe the Settlement is in the best interests of each and every Class Member. In light of the risk and delay of litigation, weighed against the benefits of the Settlement, the proposed resolution is a fair, reasonable and adequate compromise of the dispute and should be preliminarily approved.

    **c. No Facts Exist That Overcome the Initial Presumption of Fairness That Attaches to The Settlement.**

There is not a set of facts that indicates the settlement is not presumptively fair. For these reasons, the Settlement retains its initial presumption of fairness and should be preliminarily approved.

### 3. Notice Should Issue as Proposed by The Parties.

Rule 23(e) requires that notice be directed "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e). The Settlement Notice contemplated by the Parties is reasonable and the best practicable means of notifying Class Members of the Settlement. The Notice, agreed to by the Parties, informs Class Members, in plain English, about the consequences of participating in, and opting out of, the Settlement. For these reasons, the Notice and the plan for its dissemination should be approved and Class Members should be given fifty (50) days to opt out or object to the settlement. *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 962 F. Supp. 450, 562 (D.N.J. 1997) (approving 45-days and noting "Courts have routinely approved of deadlines of between thirty and sixty days" to opt out of a certified class) *aff'd sub nom*. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998) and *enforcement granted sub nom*. *In re Prudential Ins. Co. of Am*., MDL 1061, 1999 WL 496491 (D.N.J. May 6, 1999) and enforcement granted, CIV. 95-4704 (DRD), 2006 WL 1479024 (D.N.J. May 26, 2006) *aff'd*, 232 F. App'x 161 (3d Cir. 2007) and *enforcement granted*, 95-4704 DRD, 2007 WL 2885814 (D.N.J. Sept. 27, 2007).

### V. CONCLUSION

The proposed Settlement is fair, adequate, and reasonable. It will result in considerable payments to Class Members; it is non-collusive; and it was achieved as the result of informed, extensive, and arm's length negotiations conducted by counsel for the respective Parties who are experienced in wage and hour class action litigation. For the foregoing reasons, the Parties

respectfully request that the Court grant preliminary approval of the proposed Settlement, sign the proposed Order, approve and authorize mailing/emailing of the proposed Class Notice of Proposed Class Action Settlement, and set a date for a final approval hearing approximately 100 days after the date of preliminary approval.

Respectfully submitted,

/s/ *Matthew Haynie*
Matthew Haynie
Jay Forester
**FORESTER HAYNIE PLLC**
400 N. St. Paul Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
matthew@foresterhaynie.com
jay@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF**

**-and-**

/s/ *Gregory D. Ballew*
Gregory D. Ballew
**FISHER & PHILLIPS LLP**
4900 Main Street, Suite 650
Kansas City, Missouri 64112
(816) 460-1236
gballew@fisherphillips.com

Joel W. Rice
Franklin Z. Wolf
**FISHER & PHILLIPS LLP**
10 S. Wacker Dr., Ste. 3450
Chicago, IL 60606
(312) 346-8061
jrice@fisherphillips.com
fwolf@fisherphillips.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed using the Court's ECF System and will be served on all counsel of record using the same.

/s/ <em>Matthew Haynie</em>  
Matthew Haynie